PATRICK McINTYRE, plaintiff in error, *vs.* JAS. M. GREEN, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

Trespass *vi et armis* does not lie against a Surgeon of a military post, who makes a requisition of the commanding officer for a particular house, as in his opinion suitable for a hospital, it not appearing that the Surgeon participated personally, or rendered aid, or incited the forcible dispossession of the plaintiff.

JUDGE WALKER *dubitante.*

Trespass *vi et armis.* Nonsuit. Impressment. Tried before Judge COLE, Bibb Superior Court, May Term, 1866.

The petition alleged that the plaintiff was the owner of a certain close therein described; that on the 17th October, 1863, defendant, with force and arms, entered the same, and ejected him therefrom to his damage, etc., with various circumstances of aggravation. It was returnable to April Term, 1864, of said Court. At the trial, plaintiff's attorney read in evidence the answers of D. Wyatt Aikin, to interrogatories propounded by defendant, who stated in substance that he was Commandant at Macon, in said county, and that defendant was there also, by authority, as Surgeon of the post; defendant, "as was his duty," made frequent requisitions on him for hospital quarters, and, amongst other houses, insisted on securing defendant's house. Witness wished to know why so small a house was required, and learned that it was the *rendezvous* of convalescing soldiers, that defendant was warned about furnishing the soldiers with liquor, and threatened with having his house taken from him—a squad of soldiers got drunk and created disturbance of the sick. Orders had been received from General Joseph E. Johnston to him and to defendant first for five hundred, and so on to two thousand sick. Witness issued an order demanding the house for a hospital in twenty-four hours. Defendant closed it. Witness had it opened with as little damage as possible, and found the house empty, denuded even of its furniture:

McIntyre *vs.* Green.

all this occurred in the spring of 1864.   Defendant had refused to rent the house, though offered one hundred per cent. more than it was worth.   It was his duty to get hospital quarters upon requisition of Post Surgeon.   This dwelling was impressed by witness upon a written requisition from Dr. Green; thinks no other dwelling was impressed.

The plaintiff examined PETER MCINTYRE, who testified: That he was plaintiff's brother; that his brother was bed-ridden with consumption; that a file of men, with an officer, broke open the house and put plaintiff and his furniture out of the residence of himself and family, and they were never restored to possession during the war.   Witness applied to Dr. Green for his brother's restoration, and Green replied that he would not be restored, that the house was a liquor-shop, a business that sent many men to hell.   Witness' brother had no other means of living.

Dr. BOON swore that at the time plaintiff was dangerously ill, and his recovery doubtful.

Mr. LUNQUEST swore that, at night, when he returned, he found plaintiff in back-yard, unsheltered, sitting on the ground, in a cold rain, and took him into witnesses' house till he got shelter elsewhere.

Colonel CHARLES HARRIS testified that he appealed to Akin not to turn plaintiff out while sick, and asked Akin what Dr. Green said about it, and whether Dr. Green directed or required it?   The Court refused to let plaintiff give in Akin's reply to that question.

The evidence being closed, defendant's attorney moved for a nonsuit, which was granted.

Plaintiff's attorney, during the term, moved that said non-suit be set aside, and for a new trial, upon the grounds that the Court erred in refusing to let Colonel Harris give Akin's reply to said question, and in holding the Act of 15th February, 1866, constitutional.

The Court refused to set aside the nonsuit, and refused a new trial, and plaintiff's attorney assigns said refusals as error.

4

This case was argued December Term, 1866, and held up.

S. T. BAILEY, attorney for plaintiff in error.

E. A. & J. T. NESBIT, attorneys for defendant in error.

HARRIS, J.

The facts disclose a timidity on the part of the military authorities in the discharge of a high duty, which, in my judgment, was very censurable. The preservation of the health and efficiency of the men under arms, demanded that the house of the plaintiff should have been closed, and his liquor poured out in the street. An indirect sort of proceeding was resorted to, to get possession of the house, under the idea of converting it into a hospital, and force, unauthorized force, was employed to accomplish what was defensible in the first view, but illegal in the last. But the question is, who used the force, who dispossessed the plaintiff violently? There is nothing in the testimony which inculpates Dr. Green, the Surgeon of the post, either as an actor or accessory. He simply made a requisition on the Commandant for a suitable building for an hospital, and indicated the house of plaintiff as fit for such purpose. I take it to be clear law, that the action of trespass *vi et armis*, for damages, cannot be maintained, except against a person participating personally in the force, or rendering aid to those engaged, or inciting the forcible dispossession. It is not pretended that he participated or rendered aid. A requisition made in the course of duty, though even had it been with an indirect end in view, cannot, without both an alteration and expansion of the technical meaning of the word "incite," be held to fall within its definition.

The decision below, dismissing plaintiff's suit, was placed on the ground that the defendant was protected by the Act of the Legislature, approved 15th February, 1866, for the relief of all persons who were *bona fide* soldiers of the army of the late Confederate States, for acts done or committed under an order or orders from any officer of the same; also, to relieve

officers for any act done under orders from a superior officer. I will express no opinion upon this act, as to how far it can protect any one from personal accountability to damages, as there is no actual trespasser before the Court. The judgment below is affirmed solely on the *technical* principle herein stated.